UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| BRIAN WARRAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO:  3:22-cv-82 |
| | ) |
| KOCH DEVELOPMENT CORPORATION | ) |
| d/b/a HOLIDAY WORLD, | ) |
| | ) |
| Defendant. | ) |

## I. COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Brian Warran (hereafter "Warran"), brings this action against Defendant, Koch Development Corporation d/b/a Holiday World (hereafter "Defendant"), pursuant to the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq*.

## II. PARTIES

2. At all times relevant to this action, Warran resided within the Southern District of Indiana.

3. At all times relevant to this action, Defendant conducted business within the Southern District of Indiana.

## III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 12117.

5. At all times relevant to this action, Warran was an "employee" as that term is defined by 42 U.S.C. § 12111(4).

6.	Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A).

7.	Warran is a qualified individual with a disability, has a record of a disability, and/or is perceived and/or regarded as disabled, as that term is defined by the ADA, 42 U.S.C. § 12102(2) and 12111(8).

8.	Warran suffers from a torn labrum which substantially interferes with one or more of his activities of daily living.

9.	Warran satisfied his obligation to exhaust his administrative remedies, having timely filed a Charge and three amended Charges with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on his disability, his record of disability and/or Defendant's perception of Warran as disabled and retaliation for engaging in protected activity. Warran received his Right to Sue and now timely files this lawsuit.

10.	All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.  FACTUAL ALLEGATIONS

11.	Defendant hired Warran on or about May 31, 2018, to work as a Maintenance Technician. In or around February of 2021, Defendant promoted Warran to Lead Maintenance Technician

12.	At the time of his hire, Warran informed Defendant that he had an impairment in his right arm and that he would need accommodations to safely perform the functions of his job. From that point forward, Warran had approved accommodations on file with Defendant.

13.	Warran is a qualified individual with a disability, record of disability, and/or is

regarded as being disabled by Defendant. Warran can perform the essential functions of his job with or without an accommodation.

14. Warran's work performance met or exceeded the Defendant's legitimate expectations at all relevant times.

15. In or around the Summer of 2020, Defendant hired a new HR director, Jeff Alexander ("Alexander"). Prior to Alexander working for Defendant, Warran had never had any issues with Defendant honoring his accommodation requests and work restrictions. On or about August 9, 2021, Alexander called Warran into a meeting and told Warran that he had ten days to provide additional proof of the permanent impairment of his arm and his need for accommodations. When Warran explained that he would need to make a doctor's appointment and take time off of work in order to comply with Alexander's request, Alexander then handed Warran a witness statement form and told him he could just sign a piece of paper stating that he did not need accommodations in order to perform his job. Fearful that he would lose his job if he did not comply, Warran signed the document.

16. A few days after the meeting with Alexander, Warran was called into a meeting with his supervisor, Justin Deckard, ("Deckard") and Defendant's HR representative, Vanessa Bye ("Bye"). In this meeting, Warran was given a write-up for alleged job performance issues from September of 2020. These issues had never been brought to Warran's attention prior to the write-up, and in fact, Warran had been promoted in or about February of 2021 and had no reason to believe his job was in jeopardy or that Defendant took issue with his work performance.

17. On August 19, 2021, Warran's counsel emailed a courtesy copy of Warran's EEOC Charge of Discrimination to Alexander, Bye, and Deckard. The filing of the EEOC

Charge of Discrimination constitutes protected activity by Warran. A few days after receiving notice of Warran's Charge of Discrimination, Deckard sarcastically asked Warran, "Are you sure the Lead position is right for you?"

18.     On August 26, 2021, Defendant issued Warran a final written warning for allegedly failing to inspect and find damage to a ride, an allegation which Warran wholeheartedly disputes.

19.     Soon after filing his charge of discrimination, Warran applied for the Grounds Keeping Supervisor position as well as several other positions with Defendant. Not only was Warran not selected for an interview despite his substantial qualifications, Defendant offered the Grounds Keeping Supervisor position to one of Warran's subordinates who had only been employed by Defendant for a few months.

20.     At Defendant's request, Warran again submitted accommodation paperwork from his physician. Warran's submittal of his accommodation paperwork constitutes protected activity. Although his restrictions had not changed since the time of his hire, and he had been successfully performing his duties with these restrictions, Defendant refused to accommodate Warran's reasonable requests for an accommodation and forced Warran on unpaid FMLA leave until such time as Warran's restrictions were lifted. Warran attempted to engage in the interactive process with Defendant, even suggesting that he would rent, at his own expense, a piece of equipment that would allow Warran to perform tasks with his restriction. Despite this, Defendant refused to grant the reasonable accommodation and failed to engage in good faith in the interactive process. Defendant refused to allow Warran to return to work and made it clear that his employment would be terminated at the expiration of his FMLA leave if his restriction

had not been lifted.

21. On January 18, 2022, Defendant informed Warran that it was terminating his employment.

22. Defendant has accorded more favorable treatment to Warran's similarly situated co-workers who have not engaged in protected conduct, are not disabled and/or regarded as disabled, and/or do not have a record of disability than it has accorded to Warran.

## V.  CAUSES OF ACTION

### COUNT ONE:  VIOLATIONS OF THE ADA - DISCRIMINATION

23. Warran hereby incorporates paragraphs one (1) through twenty-two (22) of his Complaint.

24. Warran requested a reasonable accommodation from Defendant.

25. Defendant took adverse employment actions against Warran due to his request for a reasonable accommodation and/or based on his disability, record of a disability, and/or a perception of him being disabled.  Defendant treated Warran's similarly situated co-workers who are not disabled and/or regarded as disabled, and/or do not have a record of disability more favorably than it has treated Warran.

26. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Warran's rights as protected by the ADA.

27. Warran has been and continues to be harmed as a result of Defendant's unlawful actions.

### COUNT TWO:  FAILURE TO ACCOMMODATE - ADA

28. Warran hereby incorporates paragraphs one (1) through twenty-seven (27) of his Complaint.

29. Warran requested a reasonable accommodation from Defendant.

30. Defendant failed and/or refused to grant Warran a reasonable accommodation or otherwise engage in the interactive process.

31. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Warran's rights as protected by the ADA.

32. Warran has been and continues to be harmed as a result of Defendant's unlawful actions.

## COUNT THREE: DISABILITY RETALIATION - ADA

33. Warran hereby incorporates paragraphs one (1) through thirty-two (32) of his Complaint.

34. Warran requested a reasonable accommodation from Defendant and filed a Charge of Discrimination and three amended Charges with the EEOC. Warran's request for a reasonable accommodation and filing of EEOC charges constitutes protected activity under the ADA.

35. Defendant took adverse employment actions against Warran in retaliation for his engagement in protected conduct.

36. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Warran's rights as protected by the ADA.

37. Warran has been and continues to be harmed as a result of Defendant's unlawful actions.

**REQUESTED RELIEF**

WHEREFORE, Plaintiff, Brian Warran, respectfully requests that this Court enter judgment in his favor as follows:

1. Defendant reinstate Plaintiff to the same position, salary, and seniority, or pay front pay and benefits to him in lieu thereof;

2. Defendant pay lost wages and benefits to Plaintiff;

3. Defendant pay compensatory and punitive damages to Plaintiff;

4. Defendant pay pre- and post-judgment interest to Plaintiff;

5. Defendant pays Plaintiff's attorneys' fees and costs incurred in this action; and

6. Defendant pays to Plaintiff any and all other legal and/or equitable damages that this Court determines just and proper to grant.

Respectfully submitted,

John H. Haskin (7576-49)
Natalie R. Dickey (25294-41)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
Telephone:   (317) 955-9500
Facsimile:    (317) 955-2570
E-Mail:         jhaskin@jhaskinlaw.com
E-Mail:         ndickey@jhaskinlaw.com
Attorneys for Plaintiff, Brian Warran

## **DEMAND FOR JURY TRIAL**

Plaintiff, Brian Warran, by counsel, demands a trial by jury on all issues deemed so triable.

                                           Respectfully submitted,

                                           John H. Haskin (7576-49)
                                           Natalie R. Dickey (25294-41)
                                           JOHN H. HASKIN & ASSOCIATES
                                           255 North Alabama Street, 2nd Floor
                                           Indianapolis, IN 46204
                                           Telephone:   (317) 955-9500
                                           Facsimile:    (317) 955-2570
                                           E-Mail:       jhaskin@jhaskinlaw.com
                                           E-Mail:       ndickey@jhaskinlaw.com
                                           Attorneys for Plaintiff, Brian Warran